| | |
|---|---|
| CHANTE CHAPPEL<br>*Plaintiff,*<br><br>v.<br><br>BALTIMORE COUNTY PUBLIC SCHOOLS<br>*Defendant.* | Civil Action No. ELH-18-3328 |

## MEMORANDUM

In this employment discrimination case, self-represented plaintiff Chante Chappell has sued "Baltimore County Public Schools"[1] under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"). ECF 1 (the "Complaint"). Plaintiff alleges that, during the 2016-2017 and 2017-2018 school years, she was discriminated against based on her "respiratory" disability. *Id.* at 5-6. Specifically, Chappell complains that defendant failed to provide air conditioning in her workplace. *Id.* at 6.

Plaintiff asserts claims for failure to accommodate, unequal terms and conditions of employment, and retaliation. *Id.* at 5. However, she has not specified the requested relief. Plaintiff explains that her requested relief is "pending advice from [an] attorney once [she] obtain[s] one." *Id.* at 7.

On December 10, 2018, defendant moved to dismiss the complaint (ECF 5), pursuant to Fed. R. Civ. P. 12(b)(6), supported by a memorandum of law. ECF 5-1 (collectively, the "Motion"). On three occasions between December 19, 2018 and February 26, 2019, Chappell

---

[1] The correct name for the entity appears to be the "Board of Education of Baltimore County." ECF 5 at 1 n.1 (citing Md. Code (2018 Repl. Vol., 2018 Supp.), § 3-104 of the Education Article).

sought (ECF 8; ECF 10; ECF 13) and I approved (ECF 9; ECF 11; ECF 14) an extension to respond to the Motion. By Order of February 26, 2019 (ECF 14), I set a response deadline of March 29, 2019. Nevertheless, Chappell has failed to file an opposition, and the time do so has expired. *See* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant defendant's Motion, with leave to amend.

## I. Factual Background

In February 2016, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF 1 at 6. Chappell received a Notice of Right to Sue letter on August 20, 2018. *Id.* This suit followed on October 31, 2018.

As noted, Chappell's claims arise out of her employment with defendant during the 2016-2017 and 2017-2018 school years. ECF 1 at 5. She alleges that defendant discriminated against her based on her "respiratory" disability. *Id.* at 5.

The facts of the Complaint are set forth below, in their entirety, *id.* at 6:

> AC was slated by the board of education by the summer of 2017 but wasn't provided. ADA alternative accommodations were to 1) stand in the hallway/doorway, 2) fans (never provided), 3) inhaler. My working area – Entire new wing of building had no working AC.

## II. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of

sought (ECF 8; ECF 10; ECF 13) and I approved (ECF 9; ECF 11; ECF 14) an extension to respond to the Motion. By Order of February 26, 2019 (ECF 14), I set a response deadline of March 29, 2019. Nevertheless, Chappell has failed to file an opposition, and the time do so has expired. *See* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant defendant's Motion, with leave to amend.

## I. Factual Background

In February 2016, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). ECF 1 at 6. Chappell received a Notice of Right to Sue letter on August 20, 2018. *Id.* This suit followed on October 31, 2018.

As noted, Chappell's claims arise out of her employment with defendant during the 2016-2017 and 2017-2018 school years. ECF 1 at 5. She alleges that defendant discriminated against her based on her "respiratory" disability. *Id.* at 5.

The facts of the Complaint are set forth below, in their entirety, *id.* at 6:

> AC was slated by the board of education by the summer of 2017 but wasn't provided. ADA alternative accommodations were to 1) stand in the hallway/doorway, 2) fans (never provided), 3) inhaler. My working area – Entire new wing of building had no working AC.

## II. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of

law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

3

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies ... if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).

In *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002), the Supreme Court explained that the "prima facie case . . . is an evidentiary standard, not a pleading requirement." The Court said: "[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination . . . ." *Id.* at 515; *see also Stennis v. Bowie State Univ.*, 716 Fed. App'x 164, 166 n.2 (4th Cir. 2017) (per curiam); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 584 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1162 (2016).

As the Second Circuit has observed, the Supreme Court's holding in *Swierkiewicz* is arguably in tension with the Court's subsequent rulings in *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544. *See Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015). On the one hand, "[r]eading *Swierkiewicz* on its face, it appears to have meant that a Title VII [or ADA] plaintiff is not required to plead facts supporting even a minimal inference of discriminatory intent." *Id.* at 309. On the other hand, in *Twombly*, the Court said that a plaintiff must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. And, in *Iqbal*, the Court clarified that the heightened pleading standard of *Twombly* is applicable in "'all civil actions' . . . ." *Iqbal*, 556 U.S. at 684.

In *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 558 (2017), the Fourth Circuit indicated that a plaintiff "need not plead facts sufficient to establish a prima facie case of race-based discrimination to survive a motion to dismiss[.]" Nevertheless, it said that the "pleading standard established in *Iqbal* and *Twombly* applies . . . ." *Id.* Thus, the question at the motion to dismiss stage is whether the plaintiff has stated a plausible claim for relief. *See Ciociola v. Balt. City Bd. of Sch. Commissioners*, CCB-15-1451, 2016 WL 125597, at *4 (D. Md. Jan. 12, 2016) (as to Title VII).

Because plaintiff is self-represented, the Court must construe the Complaint liberally. But, there are limits. In granting a motion to dismiss a complaint brought by a self-represented plaintiff, Judge Bennett explained in *Jackson v. Experian Fin. Servs.*, RDB-13-1758, 2014 WL 794360, at *1 (D. Md. Feb. 26, 2014) (alterations in *Jackson*):

> As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, 5 FEDERAL PRACTICE & PROCEDURE § 1217 (2d ed. 1990)). Although a pro se plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even pro se litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn–Bey v. Talley*, No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

And, in *Green v. United States*, GLR-15-2026, 2016 WL 7338408 (D. Md. Dec. 19, 2016), Judge Russell dismissed a suit, *sua sponte*, and explained, *id.* at *1:

> The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a Plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

## III. Discussion

As indicated, Chappell asserts claims of failure to accommodate, unequal terms and conditions of employment, and retaliation. ECF 1 at 5. Defendant argues that Chappell failed to allege facts sufficient to establish a prima facie case under the ADA. ECF 5.

The ADA was enacted in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. § 12101(b)(1), and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." § 12101(b)(2). The ADA "prohibits discrimination against persons with disabilities in three major areas of public life: employment, under Title I of the ADA, *see* 42 U.S.C. §§ 12111–12117; public services, under Title II, 42 U.S.C. §§ 12131–12165; and public accommodations, under Title III, 42 U.S.C. §§ 12182–12189." *A Helping Hand, LLC v. Balt. Cty., Md.*, 515 F.3d 356, 361 (4th Cir. 2008) (citing *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004)).

Title I prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *see also Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014) ("The ADA makes it unlawful for covered employers to 'discriminate against a qualified individual on the basis of disability.'"). A "qualified individual" is defined as a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Under the ADA, a disability is defined as: "(A) a physical or mental impairment that substantially limits one or more major life

7

activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." § 12102(1).

Unlawful discrimination under Title I of the ADA "can include the failure to make 'reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee. . . .'" *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 344 (4th Cir. 2013) (quoting § 12112(b)(5)(A)). Additionally, "[t]he Act prohibits covered employers from discharging qualified employees because they are disabled." *Summers*, 740 F.3d at 328. Moreover, "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability" may qualify as "discrimination against a qualified individual on the basis of disability." § 12112(b)(5)(B).

### A.   Failure to Accommodate

Plaintiff asserts a failure to accommodate by defendant. To plead a claim for failure to accommodate, an employee must allege facts that show: (1) she was an individual with a disability within the meaning of the ADA; (2) the employer had notice of her disability; (3) with reasonable accommodation, she could perform the essential functions of the position; and (4) the employer refused to make such accommodations. *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001); *see also Stephenson v. Pfizer*, 641 Fed. Appx. 214, 219 (4th Cir. 2016) (per curiam); *Wilson*, 717 F.3d at 345.[2]

The factual allegations in the Complaint fail to allege a failure to accommodate under the ADA. Although Chappell alleges that she has a respiratory disability, she does not claim that defendant had notice of her disability or, with such notice, refused to provide a reasonable

---

[2] Plaintiff does not specify whether her suit is founded on Title I or Title II of the ADA. Indeed, she does not mention either provision in her suit. Instead, the Complaint refers generally to the ADA. However, the distinction is of no consequence here.

accommodation. Therefore, the Complaint does not contain facts sufficient to state a plausible claim for failure to accommodate.

### B. Hostile Work Environment

Plaintiff asserts that she was subjected to "[u]nequal terms and conditions of [her] employment." ECF 1 at 5. The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and *other terms, conditions, and privileges of employment.*" 42 U.S.C. § 12112(a) (emphasis added). The Fourth Circuit has recognized that this language creates a cause of action for hostile work environment under the ADA. *Fox v. General Motors Corp.*, 247 F.3d 169, 175-76 (4th Cir. 2001). Thus, Chappell's claim for unequal terms and conditions of employment is a hostile work environment claim.

To allege a claim for hostile work environment, a plaintiff must show: "(1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer." *Fox*, 247 F.3d at 177; *see also Wilson v. Montgomery Cty. Bd. of Trustees*, PWG-17-2784, 2018 WL 4300498, at *5 (D. Md. Sept. 10, 2018).

To show that the environment was "sufficiently severe or pervasive" a plaintiff must allege "not only that he subjectively perceived his workplace environment as hostile, but also that a reasonable person would so perceive it, i.e., that it was objectively hostile." *Fox*, 247 F.3d at 178; *see Wilson*, 2018 WL 4300498, at *5. To determine whether the workplace is objectively hostile, the court considers "'the frequency of the discriminatory conduct; its severity; whether it is

9

physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Fox*, 247 F.3d at 178 (quoting *Walton v. Mental Health Ass'n*, 168 F.3d 661, 667 (3d Cir. 1999)); *see Wilson*, 2018 WL 4300498, at *5.

Chappell does not allege facts indicating harassment, let alone harassment so severe as to alter terms or conditions of employment. Nor does the Complaint contain allegations demonstrating that her workplace was objectively hostile.

### C. Retaliation

Plaintiff also asserts that she was subject to retaliation. Title V of the ADA includes provisions against retaliation. *See* 42 U.S.C. § 12203(a). The ADA states: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).

To please a claim of retaliation, a plaintiff must allege facts showing "(1) that she engaged in protected activity; (2) that her employer took an adverse action against her; and (3) that a causal connection existed between the adverse activity and the protected action." *Haulbrook*, 252 F.3d at 706; *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 578 (4th Cir. 2015) (same). The Fourth Circuit recently clarified in *Strothers v. City of Laurel, Md.*, 895 F.3d 317, 327 n.3 (4th Cir. 2018), a Title VII case, that an "adverse *employment* action" is not the standard in a retaliation case. (Emphasis added). The adverse action "need not be employment- or workplace-related in order to sustain a retaliation claim." *Id.*

Notably, requesting a workplace accommodation based on one's disability is a protected activity under the ADA. *See Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 706 (4th Cir. 2001);

10

*see also Sillah v. Burwell*, 244 F. Supp. 3d 499, 513 (D. Md. 2017). However, Chappell does not claim that she engaged in a protected activity. Nor does she allege that defendant took any adverse action against her. Accordingly, the Complaint fails to state a claim for retaliation under the ADA.

## IV. Conclusion

The Complaint shall be dismissed, without prejudice, because it fails to allege facts sufficient to state a plausible claim under the ADA. In so holding, I am mindful of the fact that Chappell is self-represented. Nevertheless, a self-represented plaintiff must allege facts that state a cause of action, and the facts alleged in Chappell's Complaint fall short of that standard. *See Green*, 2016 WL 7338508, at *1. Therefore, I shall GRANT defendant's Motion to Dismiss the Complaint, with leave to amend.

An Order follows, consistent with this Memorandum.

Date: April 17, 2019

/s/
Ellen Lipton Hollander
United States District Judge